NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERTO CHAN-SON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-73526

Agency No. A206-092-900

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

Alberto Chan-Son, a citizen of Guatemala, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing his appeal from the order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Chan-Son claims that he will be persecuted in Guatemala because of his membership in a social group of "indigenous victims of crime unable to obtain police protection." He asserts that he was assaulted in Guatemala, received death threats demanding money, and could not report these threats or abuse to the police because he is indigenous. The IJ concluded, however, that Chan-Son had failed to establish a nexus between any past or feared future persecution because of his membership in a protected group.

The BIA correctly found the IJ's decision supported by substantial evidence in the record. Chan-Son testified that he was attacked because his three assailants knew he had a fruit stand business, and wished to extort him for money. He did not know whether he was persecuted on account of his race or membership in a particular social group, and did not know the identities of the men who attacked him. Without a nexus to a protected ground, Chan-Son's asylum and withholding claims fail. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482–83 (1992); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. Substantial evidence also supported the denial of CAT relief. *See* 8

2

C.F.R. § 1208.18(a)(1). Chan-Son never reported his abuse to the police, and neither his declaration nor his testimony compel the conclusion that he is more likely than not to be tortured by or with the acquiescence of a government official if he returns to Guatemala. Although there is evidence of societal discrimination against indigenous groups in Guatemala, the government's ineffective investigation or prevention of crime does not constitute acquiescence in torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016); *see also Aguilar-Osario v. Garland*, 991 F.3d 997, 1000 (9th Cir. 2021) (finding that public officials did not acquiesce to torture when the "police never learned about [the] harm [petitioner] suffered").

**PETITION FOR REVIEW DENIED**.